(97 P.3d 525)
No. 90,796

JEFF SCHREIBER and CATHY SCHREIBER, *Appellees*, v. ALLEN BEACH, *Appellant*.

Opinion filed September 17, 2004.

*Daniel D. Metz*, of Metz Law Firm, Chtd., of Lincoln, for appellant.

*Russel B. Prophet*, of Hampton & Royce, L.C., of Salina, for appellees.

Before RULON, C.J., ELLIOTT, J., and WAHL, S.J.

WAHL, J.: Allen Beach appeals from the district court's judgment in favor of appellees in their conversion action against Beach and in his counterclaim against the Schreibers.

In August 2002, Shelly Walden and her fiance, Jimmy Walters, entered into an agreement with Jeff and Cathy Schreiber to train three of the Schreibers' horses. The horses were brought to the farm which Walden leased from Bernita Jensen. Walden and Walters trained the horses at the farm for about 2 months.

Walden and Walters had an oral agreement with Walden's stepfather, Allen Beach, whereby Beach paid 1 year's rent in advance on the Jensen farm where Walden and Walters lived as part of Walden's compensation for working at Beach's ranch. Beach also agreed to pay the couple's utility bills. A disagreement between

Beach and Walden developed. Walden quit her job in July, and she and Walters moved from the Jensen farm.

On October 6, Walters called the Schreibers to inform them that he and Walden were moving and that the horses needed to be picked up as soon as possible. Allegedly thinking the horses belonged to Walden and Walters, Beach removed the Schreibers' horses from the Jensen farm. The removal of the horses was apparently fueled by the removal from the Jensen farmhouse of a stove and refrigerator which belonged to Beach. He believed Walters and Walden had taken the appliances and wanted to hold the horses as collateral.

After learning that Beach probably had possession of the horses, the Schreibers, along with Lincoln County Sheriff's Deputy Russ Black, went to Beach's home. Beach refused to return the horses and told the Schreibers and Black to leave the property. Through counsel, Beach later sent the Schreibers a letter offering to return the horses and a bill for feeding and tending the horses.

On October 16, the Schreibers filed suit against Beach and Jensen, seeking equitable and legal relief for conversion of the horses. Beach filed a counterclaim against the Schreibers for the cost of caring for the horses and for slander. Beach later dropped the slander claim, and Jensen was dismissed as a defendant.

A jury trial was held on April 24 and 25, 2003, at which the Schreibers were awarded $4,420 in compensatory damages. The jury also agreed to award punitive damages. After Beach's motions for a new trial and to set aside the punitive damages were overruled, the district court awarded the Schreibers $30,000 in punitive damages. Beach filed a timely appeal.

The question before us is whether the district court erred in granting the Schreibers' motion for judgment as a matter of law.

Beach argues the district court erred when it granted judgment as a matter of law in favor of the Schreibers on the conversion and counterclaim issues. Specifically, he contends the court exceeded its statutory authority when it granted judgment prior to the presentation of Beach's case in chief. Based on the plain language of K.S.A. 2003 Supp. 60-250(a), we agree.

Because the issue raised on appeal is one of statutory interpretation and thus a question of law, our review is unlimited. *Williamson v. City of Hays*, 275 Kan. 300, 305, 64 P.3d 364 (2003).

The applicable procedural statute is K.S.A. 2003 Supp. 60-250(a)(1), which provides:

"If during a trial by jury *a party has been fully heard on an issue* and there is no legally sufficient evidentiary basis for a reasonable jury to find for *that party* on that issue, the court may determine the issue against *that party* and may grant a motion for judgment as a matter of law against *that party* with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue." (Emphasis added.)

The district court held a conference in chambers after the Schreibers had rested. During the chambers conference, counsel for each party made a motion for directed verdict. Ultimately, the court ruled that "I think that the elements of conversion have been satisfied and accordingly plaintiffs' motion for directed verdict on the claim of conversion is granted." The court also granted the Schreibers' motion on the counterclaim and informed counsel the remainder of the trial would be limited to the question of damages. These rulings were memorialized in the journal entry of judgment. Beach raised the issue of alleged error under K.S.A. 2003 Supp. 60-250(a) in his motion for a new trial which was denied.

As a matter of semantics, directed verdict is merely the former name for judgment as a matter of law. The legislature began using the new term in 1997. See L. 1997, ch. 173, sec. 26; *Stover v. Superior Industries Int'l, Inc.*, 29 Kan. App. 2d 235, 237, 29 P.3d 967 (2000).

In this case, the district court granted the motion for judgment as a matter of law against Beach following the presentation of the Schreibers' case but prior to hearing Beach's case. K.S.A. 2003 Supp. 60-250(a)(1) does not confer such authority on the district court. The court may grant such a motion only after "a party has been fully heard on an issue." As this court has previously held, that statutory language "preclude[s] a motion for directed verdict by a plaintiff at the close of the plaintiff's case." *Miller v. Miller*, No. 73,772, unpublished opinion filed March 29, 1996, *rev. denied* 260 Kan. 994 (1996).

The rationale behind this requirement is not difficult to comprehend. As the *Stover* court pointed out: "[E]ven when the facts are undisputed, there could be conflicting inferences from those facts." 29 Kan. App. 2d at 237-38. Although Beach was called to testify during the plaintiffs' case, counsel for the Schreibers twice objected to the scope of cross-examination. The court sustained both objections, commenting that "if [that line of inquiry is] pursued it should be done at a later time" and "if you want to go into the particulars of [that] claim[,] that should be done at a later time."

The district court ignored the provisions of K.S.A. 2003 Supp. 60-250(a) which permit parties to make motions for judgments as a matter of law any time prior to submission of a case to the jury but only allow the granting of such motions after the party adverse to the motion is fully heard. This case must be remanded for a new trial.

Since this case must be remanded for a new trial, we need not consider appellant's issues raised as to the award of punitive damages.

Reversed and remanded for a new trial.